# **EXHIBIT A**

FILED
02-25-2019
Clerk of Circuit Court
Lincoln County
2019CV000029

STATE OF WISCONSIN   CIRCUIT COURT   LINCOLN COUNTY

ADAM EBERLE
W1446 Bear Trail Road
Gleason, WI 54435,

      Plaintiff,

vs.

OVERDRIVE, INC. d/b/a OVERDRIVE DIGITAL, INC.
C/O CT Corporation System
301 S. Bedford Street, Suite 1
Madison, WI 53703

      Defendant.

Classification Code:
Case No.

## SUMMONS

THE STATE OF WISCONSIN

To each person named above as a Defendant:

    You are hereby notified that Plaintiff, Adam Eberle, has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

    Within forty-five (45) days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the Court, Lincoln County Courthouse, 1110 E. Main Street, Merrill, Wisconsin, 54452, and to the Law Firm of Conway, Olejniczak & Jerry, S.C., Plaintiff's attorneys, whose address is 231 South Adams Street, P.O. Box 23200, Green Bay, Wisconsin, 54305-3200. You may have an attorney help or represent you.

    If you do not provide a proper answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you

own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 25th day of February, 2019.

    LAW FIRM OF CONWAY, OLEJNICZAK, & JERRY, S.C.
    Attorneys for Plaintiff, Adam Eberle.


    By: *Electronically signed by David H. Weber*
        David H. Weber

POST OFFICE ADDRESS:
231 South Adams Street
Green Bay, WI 54301
P. O. Box 23200
Green Bay, WI 54305-3200
(920) 437-0476
DHW@lcojlaw.com
State Bar No. 1034009
#3005597

FILED
02-25-2019
Clerk of Circuit Court
Lincoln County
2019CV000029

STATE OF WISCONSIN   CIRCUIT COURT   LINCOLN COUNTY

ADAM EBERLE
W1446 Bear Trail Road
Gleason, WI 54435

      Plaintiff,

vs.

OVERDRIVE, INC. d/b/a OVERDRIVE DIGITAL, INC.
C/O CT Corporation System
301 S. Bedford Street, Suite 1
Madison, WI 53703

      Defendants.

Classification Code:
Case No.

## COMPLAINT

NOW COMES the Plaintiff, by and through his attorneys, The Law Firm of Conway, Olejniczak & Jerry, S.C., by Attorney David H. Weber, and as for his Complaint against the Defendant, alleges and shows to the Court as follows:

1. Plaintiff, Adam Eberle, is an adult residing at 2893 Boston Mills Road, Brecksville, Ohio. During Defendant's recruitment of the Plaintiff, he resided at W1446 Bear Trail Road, Gleason, WI 54435.

2. Defendant, OverDrive, Inc. d/b/a OverDrive Digital, Inc. (hereinafter "Overdrive"), is a foreign corporation with its principal place of business located at One Overdrive Way, Cleveland, OH 44125. Defendant is in the business of distributing and providing digital media and services for publishers, libraries,

schools, and retailers. Its registered agent is CT Corporation System located at 301 S. Bedford Street, Suite 1, Madison, WI 53703.

3. Defendant recruited Plaintiff to work for it from this County and to eventually move his family from living in this County and relocate to Ohio. The parties entered into an employment agreement with Plaintiff in this County.

4. In 2017, Defendant recruited Plaintiff to become its Chief Sales and Marketing Officer.

5. During the time leading up to hiring the Plaintiff in May 2017, Defendant's CEO and President, Steve Potash, represented and committed that he would partner with Plaintiff to run Defendant's operations and that Plaintiff would eventually succeed him as his successor. Potash represented that Plaintiff was being offered a job to become Potash's collaborative partner in running Defendant and Plaintiff would be involved in making material company decisions.

6. In recruiting Plaintiff to leave his then current employment and residence, Potash represented that Plaintiff would be included in company board meetings and that Plaintiff's new ideas and strategies for running the company would be given due and fair consideration. Potash cited that he and Plaintiff would regularly have closed door sessions to discuss and decide all material decisions for running the company. Potash stated that he wanted ongoing constructive feedback from Plaintiff on his performance as he wanted to evolve and grow as a leader.

7. In recruiting the Plaintiff, Potash told Plaintiff that he would have absolute discretion on how to re-organize the sales and marketing team and

2

developing and overseeing major strategies, policies, and plans necessary to build Defendant's sales force. Plaintiff was promised that he would have control over managing day-to-day functions driving the marketing and sales teams.

8. On or about May 31, 2017, Plaintiff entered into an Employment Agreement ("the Agreement") with OverDrive accepting the Chief Sales and Marketing Officer position.

9. Plaintiff was reasonably induced to accept the offer by Potash's promises listed above, and Plaintiff did reasonably rely on those promises in accepting the position.

10. As part of his agreement to accept employment and eventually relocate his family to Ohio under terms, Plaintiff was entitled to various compensation and benefits. These included without limitation a base salary and entitlement to bonus compensation.

11. The agreement provided for two separate bonus goals: an Annual Education Bonus and an Annual Incentive Bonus.

12. Plaintiff was entitled to an Annual Education Bonus based on achievement goals to be established by the company in consultation with Plaintiff.

13. The Annual Incentive Bonus was to be awarded based on achievement goals to be established by the company in consultation with Plaintiff.

14. For both Bonuses, Defendant was required to adhere to the standards of good faith and fair dealing in both establishing the goals and evaluating performance.

15. Within the first year of employment, Plaintiff began to experience active interference from Potash in regards to the handling of his job duties and responsibilities, as well as fulfillment of his professional expectations and compensation.

16. It quickly became clear that Potash had no intention to honor the broad commitments he made in terms of delegating authority to Plaintiff, including restricting his authority and duties to manage and direct the company's sales team.

17. Not only was Potash not available for meetings as he was out of the office the substantial majority of time, but he denied Plaintiff's requests for these types of constructive sessions as well as refused to allow Plaintiff to attend company board meetings.

18. Defendant quickly began diminishing Plaintiff's role within the company, reducing his ability to manage the sales and marketing team through the undermining of his authority and duties.

19. In September 2018, Potash verbally instructed Plaintiff that he was to spend 90% of this time on education related business. When asked how Plaintiff could possibly manage his other responsibilities and direct reports, Potash did not have an answer.

20. OverDrive also refused to pay Plaintiff his Annual Education Bonus for 2017. Although Plaintiff achieved approx. 96% of the goals established and therefore should have received 96% of the bonus pursuant to the Payout schedule

included in the Agreement, Defendant failed and refused to comply with its obligations.

21. For the year 2018, OverDrive sought to establish sales goals for both Bonus structures on its own and without consulting the Plaintiff. This action was in direct conflict and in breach of the requirements set forth in the Agreement.

22. Defendant exhibited a pattern of consistent failure to collaborate and work with Plaintiff in good faith under the terms of its agreement and severely undermined the Plaintiff's ability to succeed and fulfill his duties.

23. OverDrive then further interfered with Plaintiff's ability to succeed by changing and reducing his role, and preventing Plaintiff from creating a successful sales and marketing environment.

24. Through a consistent hollowing of Plaintiff's position, OverDrive effectively pushed Plaintiff out of the position he had been hired to fill, constructively terminating him and/or providing him with good cause and reason to resign.

25. Collectively, these interferences led Plaintiff to offer his resignation with good reason in October 2018.

26. In making his offer to resign at that time, Plaintiff reminded Potash about the "material diminution" of his position and other violations of his employment agreement.

27.　Plaintiff explained that the diminution in Plaintiff's authority and duty was further documented and implemented by a Potash memo dated October 1, 2018.

28.　Plaintiff also reminded Potash about the breach of his employment agreement in denying the 2017 education bonus and setting 2018 company sales goals and 2018 education sales goals without Plaintiff's involvement and consultation, and in disregard to policy, practice and reason.

29.　Despite each of these breaches, Plaintiff offered to "work through the issues outlined" with Potash and OverDrive, if Defendant was willing to remedy the violations.

30.　Instead of offering any remedies or even pursuing further discussion on the matter, Potash communicated an acceptance of Plaintiff's resignation on behalf of the Defendant.

31.　OverDrive constructively terminated Plaintiff's employment without good cause, or alternatively Plaintiff terminated his employment with good cause.

32.　Based on OverDrive's breach of the above referenced employment agreement, Plaintiff is entitled to compensatory damages including without limitation a severance payment equal to $375,000.

33.　Based on OverDrive's breach of the above referenced employment agreement, Plaintiff is entitled to compensatory damages including without limitation his Education Bonus for 2017 in the amount of $48,000.

34. Based on OverDrive's breach of the above referenced employment agreement, Plaintiff is entitled to compensatory damages including without limitation his Education Bonus for 2018 in the amount of $32,000.

35. Based on OverDrive's breach of the above referenced employment agreement, Plaintiff is entitled to compensatory damages including without limitation, a prorated 2018 Annual Incentive Bonus of $116,000.

36. Based on OverDrive's breach of the above referenced employment agreement and duty of good faith and fair dealing, Plaintiff has also lost the value of stock he should have received which value exceeds $480,000.00.

37. Pursuant to company practice and policy, Plaintiff is also entitled to the value of unused vacation days at a rate of four (4) weeks per year.

38. Plaintiff had three (3) weeks of unused vacation days, prorated for one half year of unused days in 2018, amounting to $22,500.

39. Plaintiff's total damages for breach of the employment agreement he had with Defendant is at least $1,073,500.00.

WHEREFORE, Plaintiff, Adam Eberle, demands judgment against Defendant, OverDrive as follows:

A. For compensatory damages in an amount to be determined at trial;

B. For expenses, costs, disbursements and attorney's fees; and

C. For such other and further relief as the Court may deem just and equitable.

7

## JURY DEMAND

Plaintiff hereby demands a trial by a jury of twelve (12) persons.

Dated this 25th day of February, 2019.

        LAW FIRM OF CONWAY, OLEJNICZAK, & JERRY, S.C.
        Attorneys for Plaintiff, Adam Eberle.

        By: *Electronically signed by David H. Weber*
            David H. Weber

POST OFFICE ADDRESS:
231 South Adams Street
Green Bay, WI 54301
P. O. Box 23200
Green Bay, WI 54305-3200
Phone: 920-437-0476
Fax: 920-437-2868
State Bar No. 1034009
#3008297

8