IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ADAM EBERLE,

                  Plaintiff,

v.                                                                           OPINION and ORDER

OVERDRIVE, INC. d/b/a                                        19-cv-466-jdp
OVERDRIVE DIGITAL, INC.,

                  Defendant.

---

In this civil action, plaintiff Adam Eberle seeks damages for breach of an employee agreement by defendant Overdrive, Inc., his former employer. Eberle initially brought this suit in the Circuit Court for Lincoln County, Wisconsin. Overdrive removed it to this court, asserting diversity under 28 U.S.C. § 1332 as the basis for federal jurisdiction. Eberle filed a motion to remand to the circuit court, asserting that Overdrive did not remove the case within 30 days of the filing of the complaint as required under 28 U.S.C. § 1446, and that the parties are not diverse because both Eberle and Overdrive are citizens of Ohio.

Overdrive's removal to this court was filed within 30 days of an affidavit in the state-court action that put Overdrive on notice of Eberle's potential Wisconsin citizenship, so it was timely filed. But the issue of Eberle's citizenship raises fact disputes that the court cannot resolve on the papers. So the court will schedule an evidentiary hearing and will defer deciding the diversity question until it has heard testimony from the parties.

BACKGROUND

Overdrive is an Ohio corporation with its principal place of business in Cleveland, Ohio. In May of 2017, Overdrive hired Eberle to work in an executive role for the company. Eberle

and his family moved from Gleason, Wisconsin to Cleveland, Ohio to be near Overdrive's headquarters. Eberle alleges that after working at Overdrive for about 18 months, he was "effectively pushed . . . out of the position he had been hired to fill." Dkt. 1-1, ¶ 24.

On February 25, 2019, Eberle filed a complaint in the Circuit Court of Lincoln County, Wisconsin, alleging breach of his employment agreement by Overdrive. In the complaint, Eberle alleged that he was a current resident of Ohio, and that he had moved there from Wisconsin after Overdrive recruited him. Dkt. 1-1, ¶ 1. Overdrive filed an answer and a motion to stay proceedings so that the case could be litigated in Ohio, asserting that Ohio would be a more convenient place for trial. Dkt. 1-2. Eberle filed a brief in opposition to that motion on May 30, 2019. In an affidavit attached to his brief, Eberle asserted that the case should remain in Wisconsin because:

- He is "a longtime resident of Wisconsin, having been born and raised here, and lived here most of [his] adult life." Dkt. 1-3, at 11.

- He obtained "a vast majority of [his] education in this state, including graduating from high school and going to college in this state." *Id.* at 12.

- He "worked most of [his] adult life here." *Id*.

- He still maintains a residence in Gleason, Wisconsin, and filed taxes earlier this year "as a Wisconsin resident." *Id.*

Subsequent public record searches conducted by Overdrive showed that Eberle also had a vehicle and two boats registered in Wisconsin. Dkt. 4, ¶¶ 3–4.

On June 6, 2019, seven days after Eberle submitted his affidavit asserting his Wisconsin ties, Overdrive removed the case to this court. Dkt. 1. Overdrive says that this court has diversity jurisdiction based on the new facts contained in Eberle's affidavit regarding his current ties to Wisconsin. *Id.*

On July 2, 2019, Eberle filed a motion to remand the case to state court. Dkt. 7. He contends that: (1) Overdrive's notice of removal was untimely under 28 U.S.C. § 1446 because it was not filed within 30 days of the complaint; and (2) this court lacks subject matter jurisdiction because Eberle is actually a citizen of Ohio. Eberle also asks for costs and expenses incurred as a result of the allegedly improper removal, as provided for under 28 U.S.C. § 1447(c).

ANALYSIS

**A. Timeliness**

Under the federal removal statute, notice of removal must be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added). Overdrive contends that its removal was timely because it came within 30 days of Eberle's May 30, 2019 affidavit, from which Overdrive learned for the first time that Eberle was a citizen of Wisconsin rather than Ohio.

The Seventh Circuit has not elaborated on what can constitute an "other paper" for purposes of 28 U.S.C. § 1446, but other circuits have. In *Addo v. Globe Life and Acc. Ins. Co.*, 230 F.3d 759 (5th Cir. 2000), for example, the Fifth Circuit concluded that a post-complaint letter offering to settle a case for an amount in excess of the federal jurisdictional minimum was an "other paper" under § 1446(b). 230 F.3d at 761–62. The court reasoned that this interpretation of the statute was most "consistent with the purpose of the removal statute to encourage prompt resort to federal court when a defendant first learns that the plaintiff's

demand exceeds the federal jurisdictional limit." *Id.* at 762. Likewise, the Sixth, Ninth, and Tenth Circuits have held that deposition testimony can constitute an "other paper" when it puts a defendant on notice for the first time that federal jurisdiction exists. *See Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999); *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 466 (6th Cir. 2002); *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 887 (9th Cir. 2010). In all these cases, courts examined whether the disclosure relied on by the removing defendant contained new information that the defendant couldn't have reasonably known before. The court will employ the same approach here.

In Eberle's complaint, he alleged that he currently lives in Ohio. Dkt. 1-1, at 4. Then, in his May 30, 2019 affidavit, he made numerous new assertions about his many longstanding ties to Wisconsin. This was the first time that Overdrive could reasonably have known that Eberle was potentially a citizen of Wisconsin. Eberle says that this information was not new to Overdrive because the complaint provided "plenty of notice" of his Wisconsin residency. Dkt. 7, at 4. Specifically, he notes that his complaint listed his Gleason, Wisconsin address in the caption and in the first paragraph. But the first paragraph of the complaint said that Eberle was "an adult residing at" an Ohio address, and that he had lived in Wisconsin "[d]uring Defendant's recruitment of" him, which occurred "[i]n 2017." Dkt. 1-1, at 4, 5. Overdrive could not have reasonably ascertained from these allegations that Eberle was a current Wisconsin resident. The court accordingly concludes that Eberle's May 30, 2019 affidavit constitutes an "other paper" for purposes of 28 U.S.C. § 1446, and that Overdrive's notice of removal was timely filed.

## B. Diversity jurisdiction

Eberle next contends that Overdrive's removal was improper because this court lacks diversity jurisdiction over the case. Under 28 U.S.C. § 1332, district courts can exercise jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the parties are citizens of different states. The parties don't dispute that the amount in controversy exceeds $75,000. But Eberle says the diversity-of-citizenship requirement is not met here because, despite the allegations in his May 30, 2019 affidavit, he is a citizen of Ohio.

In a declaration filed in support of his motion for remand, Eberle contends that he is a citizen of Ohio because: (1) he currently resides there, and, although he maintains a house in Wisconsin, he moved his entire family to Ohio in 2017 with the intention of remaining there permanently; (2) his children go to school in Ohio; (3) Eberle continues to work in Ohio; (4) he has three vehicles registered in Ohio and maintains the majority of his personal property in Ohio; (5) he is registered to vote in Ohio, maintains an Ohio driver's license, and maintains checking, savings, and mortgage accounts in Ohio; and (6) he paid Ohio income and property taxes in 2017 and 2018. Dkt. 8, ¶¶ 2–8. Overdrive counters that Eberle is actually a citizen of Wisconsin, as shown by the assertions in his state-court affidavit, his maintenance of Wisconsin property, his payment of Wisconsin taxes, and his decision to file suit in a Wisconsin court.

For an individual litigant, it is his "domicile," rather than his residence, that determines citizenship for diversity purposes. *See Winforge, Inc. v. Coachmen Indus.*, Inc., 691 F.3d 856, 867 (7th Cir. 2012) ("An allegation of residence is not sufficient to establish citizenship, which requires domicile."). A person's domicile is "the state in which a person intends to live over the long run." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). A person

may have several residences, but only one domicile. *Id*. Intent to remain in a place over the long run "is a state of mind which must be evaluated through the circumstantial evidence of a person's manifested conduct." *Sadat v. Mertes*, 615 F.2d 1176, 1181 (7th Cir. 1980) (citations and internal quotation marks omitted).

Eberle's conflicting representations create a genuine dispute as to where he intends to remain over the long run, which the court may resolve only through an evidentiary hearing. So the court will set a hearing on the motion for remand, and it will defer ruling on subject matter jurisdiction and Eberle's request for costs and expenses under 28 U.S.C. § 1447(c) until then.

ORDER

IT IS ORDERED that this matter is set for an evidentiary hearing to resolve the factual disputes over plaintiff Adam Eberle's citizenship on November 1, 2019, at 9:00 a.m.

Entered September 27, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge