IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ADAM EBERLE,

                Plaintiff,

v.                                               OPINION and ORDER

OVERDRIVE, INC. d/b/a                             19-cv-466-jdp
OVERDRIVE DIGITAL, INC.,

                Defendant.

---

Plaintiff Adam Eberle has lived and worked in Ohio since 2017, when he took a job as sales manager with defendant, Overdrive, Inc. The job with Overdrive did not work out, so he took another job in Ohio, and he sued Overdrive for breach of his employment agreement. Eberle filed the suit in the circuit court of Lincoln County, Wisconsin. Overdrive moved to stay the state-court case so the parties could litigate in Ohio, relying on Wis. Stat. § 801.63, which codifies the forum non conveniens doctrine.

In opposition to Overdrive's motion, Eberle submitted an affidavit to the state court saying that he was a long-term resident and taxpayer of Wisconsin with deep ties to the state. Dkt. 1-3. Eberle's assertion of his Wisconsin ties prompted Overdrive to remove the case to federal court on the basis of diversity of citizenship. Dkt. 1. Eberle moved to remand to state court, and asked that Overdrive pay his expenses for the remand. Dkt. 6. To support his effort to get back into state court, Eberle submitted a declaration to this court affirming that he lives and works in Ohio, he is raising his children there, and he intends to remain there permanently. Dkt. 8. Because of the conflicting information about Eberle's citizenship, the court ordered an evidentiary hearing on Eberle's motion to remand. Dkt. 16.

The substantive question is whether Eberle is a citizen of Wisconsin or of Ohio. The evidence at the hearing showed that Eberle is indeed domiciled in Ohio. Eberle is, at most, a part-time Wisconsin resident because he has a vacation home in Lincoln County where he and his family spend less than ten percent of the year. Eberle is a citizen of Ohio, as is Overdrive. This case clearly belongs in Ohio, and the court would transfer it there if it could. But because there is no diversity of citizenship, the court lacks subject-matter jurisdiction, so the motion to remand to state court will have to be granted.

That leaves the question of fees and expenses. The court will deny Eberle's request for cost-shifting because Eberle's highly misleading statements to the state court prompted Overdrive's reasonable removal based on diversity of citizenship. After the hearing, the court ordered Eberle to show cause why *he* should not be sanctioned under Federal Rule of Civil Procedure 11 for his misleading statements. Eberle responded as ordered, Dkt. 24; so did Overdrive, Dkt. 26. For reasons explained below, the court declines to order sanctions under Rule 11, but it will require Eberle to pay Overdrive's costs and actual expenses under 28 U.S.C. § 1447(c).

**A. Eberle's citizenship**

The case requires the application of well-established principles of federal jurisdiction. For an individual litigant, it is his "domicile," rather than his residence, that determines citizenship for diversity purposes. *See Winforge, Inc. v. Coachmen Indus.*, Inc., 691 F.3d 856, 867 (7th Cir. 2012). A person's domicile is "the state in which a person intends to live over the long run." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). A person may have several residences at any one time, but only one domicile. *Martinez v. Bynum*, 461 U.S. 321, 340 (1983).

With his motion for remand, Eberle submitted a declaration stating his various Ohio connections (such as Ohio home and vehicle ownership, Ohio voter registration, and maintenance of Ohio bank accounts) and asserted his "intent to remain domiciled there indefinitely." Dkt. 8, at 2. At the hearing, Eberle testified that he owns a home in Ohio; that he has now worked for three different Ohio-based employers; that his two children are enrolled in school in Ohio; and that he and his family spend "90-plus percent" of their time in Ohio, Dkt. 22, at 20. Eberle explained that he has a vacation home in Lincoln County, he has a car and a boat registered in Wisconsin, he has an account with a Wisconsin bank, and he has some business interests in Wisconsin and in many other states. Despite these Wisconsin connections, the court finds that Eberle is domiciled in Ohio, and is thus an Ohio citizen. Any doubts would be resolved against the exercise of jurisdiction, *see Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009), but the court has none.

Overdrive contends that there is sufficient basis for finding that Eberle is a Wisconsin citizen, but the court is not persuaded. Eberle has some significant business interests in Wisconsin, but he has business interests in numerous states. None of those business interests affect his domicile.

Overdrive relies chiefly on Eberle's 2018 income tax returns, which were filed by the extended deadline of October 15, 2019. Dkt. 23-1. Eberle (and his wife) list their Wisconsin address on their federal return and on all the state returns included in Dkt. 23-1. This would be some evidence of Eberle's domicile, but the court does not find it significant for several reasons. First, the address of the tax preparer, Apple Growth Partners, is in Akron, Ohio, Dkt. 23-1, at 5, which suggests that Eberle manages his taxes from Ohio. Second, the address listed on the Eberles' 2018 brokerage account at Charles Schwab is the same Brecksville, Ohio

address mentioned in Eberle's declaration. *Compare* Dkt. 23-1, at 36, *with* Dkt. 8, ¶ 2. This suggests that Eberle tells others that he lives in Ohio. Third, Eberle's taxes were filed in October 2019, well after Overdrive had tried to get the litigation moved to Ohio. The court finds that Eberle listed his Wisconsin address on his taxes to conform to the statements he made in state court that he was a Wisconsin resident and taxpayer. The far more persuasive evidence shows that Eberle really lives in Ohio.

To be clear, Eberle's 2018 tax returns are troubling, but not because the returns cast doubt on Eberle's domicile. Eberle's 2018 tax returns are troubling because they show persistent dishonesty. If, as Eberle testified to this court, he was an Ohio citizen who spent less than ten percent of his time at his Wisconsin vacation home, he should not have filed his taxes as a Wisconsin resident. *See* Wisconsin Department of Revenue Publication 122, Tax Information for Part-Year Residents and Nonresidents of Wisconsin for 2018, at 5 (explaining that only those *domiciled* in Wisconsin should file as Wisconsin residents).

**B. Sanctions and expenses**

At the hearing, the court expressed concern that Eberle's state-court affidavit regarding his ties to Wisconsin had been misleading. The affidavit portrayed Eberle as a current Wisconsin resident who stood to be inconvenienced by any transfer of his case to Ohio. *See, e.g.*, Dkt. 1-3, at 11 ("I am a longtime resident of Wisconsin, having been born and raised here, and lived here most of my adult life. Until Defendant hired me in 2017, I lived in Gleason, Wisconsin where I have been residing since 2008."); *id.* at 12 ("I still maintain a residence at W1446 Bear Trail Road, Gleason, WI 54435. I filed my taxes earlier this year as a Wisconsin resident."). After the hearing, the court ordered Eberle to show cause why he should not be sanctioned under Federal Rule of Civil Procedure 11(c)(3).

Eberle contends that all his statements were and are factually accurate. That's not true in every detail: as of the date of the affidavit, May 24, 2019, he had not yet filed his taxes for the year. But the main problem is not affirmative false statements; it is that Eberle intentionally omitted material facts. Eberle failed to disclose in state court that he had been a nearly full-time resident of Ohio since 2017, that he had moved his family there, continued to work there, and intended to remain there permanently. It is inconceivable that Eberle was unaware of these facts, or that he and his counsel did not realize that these facts were highly material to Overdrive's motion to stay the state case in favor of litigation in Ohio.

The court will decline to impose sanctions under Rule 11, but not because Eberle's statements are factually accurate. The court would impose sanctions under Rule 11 for intentional material omissions in an appropriate case. But Eberle's intentional material omissions related to statements made to the state court, not to this court. If Eberle had relied on his state-court affidavit in advocating for remand, I would consider Rule 11 sanctions for his counsel. *See* Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment ("[I]f after a notice of removal is filed, a party urges in federal court the allegation of a pleading filed in state court ([including] in disputes regarding removal or remand), it would be viewed as 'presenting'—and hence certifying to the district court under Rule 11—those allegations."). As it stands, I have found that Eberle was honest with this court; it was the state court whose dignity was insulted by the material omissions that made Eberle's state-court submissions so misleading.

But that's not the end of the matter. Under 28 U.S.C. § 1447(c), courts remanding an improperly removed case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Eberle asked the court to shift costs and

expenses to Overdrive for removing the case without an "objectively reasonable basis." Dkt. 7, at 8–9 (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). That request is denied; Eberle's state-court affidavit gave Overdrive a reasonable basis to infer that Eberle was a Wisconsin citizen. The court will, however, grant Overdrive's request that Eberle be ordered to pay its removal-related fees and expenses. Although § 1447(c) is more commonly invoked against the defendant, there is "no party-based limitation in § 1447(c) on a district court's discretion to award fees and costs." *Micrometl Corp. v. Tranzat Techs., Inc.*, 656 F.3d 467, 470 (7th Cir. 2011). Fee-shifting is appropriate here. Eberle's misleading representations in state court prompted unnecessary expenditure of time and resources addressing a reasonable but ultimately flawed removal. *See Martin*, 546 U.S. at 141 ("a plaintiff's . . . failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees").

The court will order the parties to consult and try to agree on the fees and expenses Overdrive incurred in connection with the removal. The parties should inform the court whether they have agreed. If they cannot agree, Overdrive should submit a properly supported request for its fees. See Dkt. 14, Standard Attachments, at 39. Eberle will then have seven days to respond to the reasonableness of the amount requested.

ORDER

IT IS ORDERED that:

1. Plaintiff Adam Eberle's motion to remand this case, Dkt. 6, is GRANTED. Eberle's request that he be awarded costs and expenses under 28 U.S.C. § 1447(c) is DENIED.

2. The case is REMANDED to the Circuit Court for Lincoln County, Wisconsin. The clerk of court is directed to return the record to the Circuit Court for Lincoln County, Wisconsin.

3. Defendant Overdrive Inc.'s request for attorney fees and costs incurred as a result of removal, Dkt. 26, is GRANTED. Plaintiff is ordered to pay Overdrive's just costs and actual expenses under 28 U.S.C. § 1447(c).

4. The parties should inform the court by February 4, 2020, whether they have agreed on the amount of Overdrive's costs and expenses.

5. If the parties do not agree, Overdrive may have until February 14, 2020 to submit a properly supported request for costs and expenses incurred in connection with the removal. Plaintiff may have until February 21, 2020 to file any objection to the itemized fees and expenses.

Entered January 28, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge