IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ADAM EBERLE,

                       Plaintiff,
  v.                                                 OPINION and ORDER

OVERDRIVE, INC. d/b/a                             19-cv-466-jdp
OVERDRIVE DIGITAL, INC.,

                       Defendant.

---

Plaintiff Adam Eberle is an Ohio resident and citizen who sued his Ohio employer, defendant Overdrive, Inc., in Lincoln County Circuit Court here in Wisconsin, where Eberle has a vacation home. When Overdrive moved to transfer the case to Ohio, Eberle opposed the motion, telling the state court that he was a long-term Wisconsin resident and taxpayer. Overdrive, then led to believe that Eberle was a Wisconsin citizen, removed the case to this court. Eberle moved to remand the case to state court, contending that he was really an Ohio citizen and that this court could not exercise jurisdiction because both parties were citizens of Ohio. The court held a hearing to resolve the conflicting evidence about Eberle's domicile. The court found that Eberle was indeed an Ohio citizen, which would defeat jurisdiction and require remand. Dkt. 28.

At the hearing, the court ordered Eberle to show cause why the court should not impose sanctions under Federal Rule of Civil Procedure 11(c)(3). Dkt. 21. Ultimately the court declined to impose sanctions under Rule 11, but it ordered Eberle to pay Overdrive's fees connected to the removal and the remand under the removal statute, 28 U.S.C. § 1447(c). Dkt. 28. The parties were ordered to confer on the amount of fees, and failing to reach

agreement, Overdrive was to submit a properly supported fee request, to which Eberle could respond.

The parties have made their submissions on Overdrive's fees.[1] Eberle has also filed a motion to reconsider the order shifting fees, Dkt. 34, which the court will address before turning to the issue of Overdrive's fees.

## A. Eberle's motion for reconsideration

Eberle asks the court to reconsider the decision to shift fees under 28 U.S.C. § 1447(c) and to retract its criticism of Eberle's litigation conduct and honesty. He says that the court's decision contained manifest errors of law and fact, and that he didn't have an opportunity to point this out previously because the court invoked § 1447(c) sua sponte in its remand order.

The removal statute, 28 U.S.C. § 1447(c), provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Although § 1447(c) is more commonly used to shift fees against a removing defendant, a court may award fees to either party. *Micrometl Corp. v. Tranzat Techs., Inc.*, 656 F.3d 467, 470 (7th Cir. 2011). The provision has "no party based limitation," and "a plaintiff's . . . failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees." *Id*. That's what happened here: Eberle presented facts to the state court that made it seem like he was a Wisconsin citizen, prompting Overdrive's reasonable decision to remove the case on the basis of diversity. But then Eberle disclosed the full facts to

---

[1] Eberle's counsel had trouble filing his opposition to Overdrive's fees through the court's ECF system, so he emailed the response to the court and to opposing counsel on the February 24, 2019 filing deadline. He managed to docket the filing through the ECF system the next morning. Overdrive moves to strike the opposition as untimely. Dkt. 39. Overdrive suffered no conceivable prejudice; its motion to strike was a waste of time and it is denied.

this court, making it clear he was an Ohio citizen. The whole effort was designed to get, and then keep, the case in Lincoln County. Eberle himself spends 90 percent of his time in Ohio, so Eberle's efforts were quite apparently calculated to maximize the inconvenience for Overdrive. If Eberle had a legitimate reason to have the case in Lincoln County, he didn't share it with this court.

Eberle argues that it's improper for the court to consider Eberle's statements to the state court, and that any fee-shifting under § 1447(c) has to be based on conduct in federal court. Eberle cites no authority for this restricted view of § 1447(c). He simply cites examples of misconduct warranting fee-shifting, such as a plaintiff's delay in seeking remand, that happen to have occurred in federal court. Eberle did not intend to trigger Overdrive's removal. But that removal was a consequence of Eberle's illegitimate efforts to manipulate the venue of his lawsuit, and fee-shifting properly discourages such wasteful tactics.

Eberle also argues that the court was wrong to find that he was persistently dishonest. Eberle focuses on the court's assessment that he had filed his 2018 taxes as a Wisconsin resident to conform to the statements he made in state court. Eberle says that he was simply following the advice of his accountant in listing his Wisconsin address on his 2018 taxes. Maybe. But that misses the larger point, which is that he used the misleading address to support his argument that the venue of his case should be Lincoln County, Wisconsin. He knew when he made that statement that he spent 90 percent of his time in Ohio and that he did not really live in Lincoln County. And when he made the statement that he had filed his 2018 taxes earlier that year as a Wisconsin resident, he had not actually filed them yet. The court stands by its assessment of Eberle's honesty, recognizing that his questionable conduct was counseled by his lawyer and accountant.

3

Eberle also says that he acknowledged his "dual residency" in his state court complaint and that he did not conceal his Ohio address. This is just a variant of his original argument that every fact he presented was somehow literally true. When Overdrive moved to transfer the case to Ohio, Eberle was called to put his cards on the table about his connections to Wisconsin and Ohio. But he dissembled, and played his Ohio citizenship card only when it served him in federal court.

The court also stands by its assessment that Eberle insulted the dignity of the state court and that this case belongs in Ohio. Eberle says the standards for transferring a case from a Wisconsin court are different from those applicable in federal court. But he doesn't explain how a proper state-law analysis would tip in favor of keeping the case in Lincoln County.

## B. Fees and expenses

Overdrive has submitted an itemized bill of the fees and costs it incurred as a result of the removal. *See* Dkt. 32-1 and Dkt. 32-2. It seeks reimbursement of $17,824.50 in attorney fees and $567.43 in costs.

### 1. Eberle's objections

Eberle contends that the request should be denied in full, citing three reasons. First, Eberle contends that Overdrive's fee request fails to demonstrate that awarding the amount of attorney fees requested would be "faithful to the purposes of awarding fees under § 1447(c)." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citation and quotation marks omitted). The court is not persuaded. Here, fee shifting is consistent with the purposes of § 1447(c) because it will discourage manipulation of venue, which in this case involved an unnecessary removal and motion to remand.

4

Second, Eberle contends that Overdrive's claimed $17,824.50 in fees is so outrageous and grossly disproportionate that it should be denied entirely, citing *Brown v. Stackler*, 612 F.2d 1057, 1059 (7th Cir. 1980). In *Brown*, counsel claimed more than 800 hours of billable time for a case in which he had done little more than draft a six-page complaint and file motions for extension of time. Here, Overdrive's attorney, Michael R. Gotzler, spent 69.9 hours drafting a notice of removal, two briefs, discovery requests, and a fee petition, as well as prepared for and attended an evidentiary hearing in another state. *See* Dkt. 32-1. Gotzler billed Overdrive at a below-market hourly rate of $255 (the reasonableness of which Eberle doesn't challenge), for a total of $17,824.50, which Overdrive has paid. *See* Dkt. 33, ¶ 7; *see also Centurytel of Fairwater-Brandon-Alto, LLC v. Charter Fiberlink, LLC*, No 08-cv-470-slc, 2009 WL 959553, at *3 (W.D. Wis. Apr. 8, 2009) (a client's payment of the fees charged by counsel renders them presumptively reasonable). Overdrive's fees are not "obviously inflated to an intolerable degree" so that wholesale denial of the fee request is warranted. *Brown*, 612 F.2d at 1059.

Third, Eberle contends that Overdrive's itemization of fees is flawed because it is not supported by actual billing statements or entries actually sent to the client, and it includes work in state court, duplicate entries, and wasteful time. The court is satisfied based on the specificity of itemized entries and Overdrive's actual payment of the fees that Overdrive's fee request is adequately supported by the records submitted.

### 2. The court's reductions

The court agrees with Eberle that some of the billing time reflected on counsel's itemization is either excessive or not appropriately shifted. The court will make three reductions to the fee award.

First: 1.8 hours billed on May 31, 2019 for reviewing Eberle's state-court submissions. Under § 1447(c), a party may be awarded costs and fees "as soon as the process of removal is undertaken and until and including the process of remand." *Tenner v. Zurek*, 168 F.3d 328, 330 (7th Cir. 1999). Time billed prior to undertaking the removal does not qualify.

Second: 8.3 hours from the 16.3 billed for drafting and filing the notice of removal and supporting materials between June 3 and June 12, 2019. The time spent, 16.3 hours, is an excessive amount of time to have spent preparing a straightforward, 8-page notice and the associated declarations and exhibits.

Third: 9.4 hours billed between October 14 and November 23, 2019 on discovery related to Eberle's state of domicile. Eberle's contradictory representations required an evidentiary hearing, *see Hyatt Intern. Corp. v. Coco*, 302 F.3d 707, 813 (7th Cir. 2002), but it should have been reasonably clear from Eberle's declaration in support of the motion to remand, Dkt. 8, that his representations to the state court had been self-serving and misleading, and that he was in fact domiciled in Ohio. At that point, there was little need for Overdrive to press the issue of Eberle's citizenship by seeking jurisdictional discovery in a fruitless attempt to keep the case in federal court.

Less the 19.5-hour reduction, Overdrive's fee request comes to $12,852. Eberle doesn't object to other specific entries in Overdrive's itemization, and all of them appear reasonable. The court awards Overdrive $12,852 in fees and $567.43 in costs.

ORDER

IT IS ORDERED that:

1. Defendant Overdrive, Inc's motion to strike, Dkt. 39, is DENIED.

2. Plaintiff Adam Eberle's motion for reconsideration, Dkt. 34, is DENIED.

3. Not later than July 27, 2020, plaintiff shall pay to defendant $12,852 in attorney fees and $567.43 in costs pursuant to 28 U.S.C. § 1447(c).

Entered June 29, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge