IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ADAM EBERLE,

                Plaintiff,

v.                                                                 ORDER

OVERDRIVE, INC. d/b/a                                   19-cv-466-jdp
OVERDRIVE DIGITAL, INC.,

                Defendant.

---

The court remanded this case to state court, Dkt. 28, and ordered plaintiff Adam Eberle to pay defendant Overdrive, Inc.'s fees and costs incurred in connection with the removal, Dkt. 42. The court ordered Eberle to pay $13,419.43 to Overdrive by July 27, 2020.

Eberle filed a notice of appeal on July 24, 2020. But the appeal does not relieve Eberle of his obligation to comply with the court's order. Eberle did not move for a stay pending appeal, and he didn't pay Overdrive as ordered.

Overdrive moved for a writ of execution on September 4, 2020. Dkt. 49. Only then did Eberle move for a stay pending appeal. Dkt. 50. The court has jurisdiction to decide both motions. *See Blue Cross & Blue Shield Ass'n v. Am. Express Co.,* 467 F.3d 634, 638 (7th Cir. 2006) ("[T]he district court may enforce its judgment while an appeal to test that judgment's validity proceeds."); *Rakovich v. Wade,* 834 F.2d 673, 674 (7th Cir. 1987) ("[A] notice of appeal does not deprive the district court of jurisdiction over a motion for stay of its judgment.").

Eberle would be entitled to a stay under Rule 62(b) if he posted a supersedeas bond or other security for the payment. But Eberle asks the court waive the bond requirement, which the court has the discretion to do. *Lightfoot v. Walker,* 797 F.2d 505, 506 (7th Cir. 1986).

Eberle's argument for waiving the bond requirement is that he owes only a small amount that he can readily pay. He can pay, he says, because he owns substantial property, had been paid a high salary when he worked for Overdrive, and has a seven-figure claim against Overdrive. None of these assertions are supported by any evidence. And none of them show that he can readily pay Overdrive if his appeal is unsuccessful. His claim against Overdrive is so far unrealized. What he was paid in the past doesn't show what resources he has now. And if it comes down to liquidating Eberle's property, that suggests complicated enforcement, which is a good reason to require the bond. *Id*. at 506–07. The court will deny Eberle's motion for a stay pending appeal without security.

Eberle's options now are to pay Overdrive or provide the appropriate security. The court will give Eberle a week to do so. The court will deny Overdrive's motion for a writ of enforcement, which would ensure the complicated enforcement that Rule 62 is intended to avoid. But if Eberle fails to comply with this order, Overdrive may ask the court to find him in civil contempt.

ORDER

IT IS ORDERED that:

1. Defendant Overdrive, Inc.'s motion for a writ of enforcement, Dkt. 49, is DENIED.

2. Plaintiff Adam Eberle's motion for stay pending appeal, Dkt. 50, is DENIED.

3. Not later than November 20, 2020, plaintiff shall either pay to defendant $13,419.43 or post a bond or other security for that amount.

Entered November 13, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge