IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ADAM EBERLE,

                    Plaintiff,

    v.                                       ORDER

OVERDRIVE, INC. d/b/a                 19-cv-466-jdp
OVERDRIVE DIGITAL, INC.,

                    Defendant.

---

The court remanded this case to state court, Dkt. 28, and ordered plaintiff Adam Eberle to pay defendant Overdrive, Inc. $13,419.43 in fees and costs incurred in connection with the removal, Dkt. 42. Eberle appealed. With the help of the mediation office at the Court of Appeals, the parties have reached a settlement. They now jointly request an indicative ruling that I would vacate the two substantive orders in the case. Dkt. 56. The parties are correct that whether to vacate my orders is within my discretion. They do not provide any specific reason why I should vacate my orders, other than to facilitate a settlement that will save the effort of the appeal.

The financial stakes are low: Overdrive has almost nothing to gain in defending an appeal that might cost more than the monetary award it is defending. If the parties have now agreed to monetary terms, I would vacate the part of Dkt. 42 that requires Eberle to pay $13,419.43 to Overdrive.

But I would not vacate the non-monetary parts of my orders. The results of federal litigation are not the exclusive property of the parties. This case presented novel issues related to removal jurisdiction and fee-shifting under 28 U.S.C. § 1447(c). My orders in this case may provide useful guidance to others in an area where precedent is sparse. Of course, the orders of

a district court are not precedential; they have whatever persuasive value they merit based on their reasoning. I would not undermine the value of the orders in this case by vacating them.

Entered June 15, 2021.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

2